IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50948
Conference Calendar

_____

GREGORY THOMAS DICKERSON,

Plaintiff-Appellant,

versus

JOHN CORNYN, Attorney General, State
of Texas; WILLIAM C. ZAPALAC,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CV-387-JN
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Gregory Thomas Dickerson (#592865), a state prisoner, applied for leave to proceed in forma pauperis ("IFP") in this civil rights action. Dickerson was ordered to pay an initial partial filing fee of $2.28. Dickerson failed to pay the initial partial filing fee. On August 18, 1999, the district court dismissed the complaint without prejudice for failure to prosecute. Dickerson appealed.

A complaint may be dismissed because of the plaintiff's failure to prosecute or for lack of compliance with the Federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); see Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); see also Hatchet v. Nettles, ___ F.3d ___ (5th Cir. Feb. 4, 2000, No. 99-40084) (clarifying statutory procedures applicable to prisoners' IFP motions in the district court). The district court's order is reviewed for an abuse of discretion. Link, 370 U.S. at 633.

In cases involving prisoners proceeding IFP, the district court is required to "assess and, when funds exist, collect, as partial payment of any court fees required by law, an initial partial filing fee. . . ." 28 U.S.C. § 1915(b)(1). "In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." § 1915(b)(4). Because the entire balance of Dickerson's inmate trust account was on hold, Dickerson had no apparent means by which to pay the initial partial filing fee. Accordingly, the dismissal of the complaint was an abuse of discretion. The order of dismissal is VACATED and the case is REMANDED for further proceedings.

VACATED AND REMANDED.